# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MORAINE PROPERTIES, LLC,

       Plaintiff,          :          Case No. 3:07-cv-229

                                    District Judge Thomas M. Rose
   -vs-                          Magistrate Judge Michael R. Merz

                             :

ETHYL CORPORATION,

       Defendant.

## DECISION AND ORDER

This case is before the Court on Plaintiff Moraine Properties' Motion to Strike Defendant Ethyl Corporation's Amended Counterclaims (Doc. No. 37). Ethyl opposes the Motion (Doc. No. 41) and Moraine has filed a Reply in support (Doc. No. 43).

## Relevant Procedural History

Judge Rose entered the Preliminary Pretrial Conference Order in this case on December 15, 2008 (Doc. No. 15). Among other things, the Order set a deadline of April 30, 2009, for motions "to amend the pleadings and to add parties" and referred the case to the undersigned for pretrial management under 28 U.S.C. § 636(b). On the deadline, Ethyl moved for Leave to File a Third-Party Complaint (Doc. No. 26). Moraine opposed the Motion (Doc. No. 28) and the Magistrate Judge denied it on June 23, 2009 (Doc. No. 33). As a ruling on a non-dispositive pretrial motion, the Order denying impleader was appealable to Judge Rose under Fed. R. Civ. P. 72(a) not later than July 10, 2009, but no appeal was taken. Instead, on July 10, 2009, Ethyl filed its Answer to Second

1

Amended Complaint and Counterclaim (Doc. No. 36), naming as Defendants on the Counterclaim Fraser Papers, Inc.; Norbord, Inc.; Norbord Maine, LLC; Pentair, Inc.; Pfam, Inc.; Fraser Papers Holdings, Inc.; and Team Industrial, LLC. The instant Motion followed, along with a Moraine's Motion to Stay the filing of responsive pleadings to the Amended Counterclaims (Doc. No. 38). The Magistrate Judge granted the stay by notation order on July 17, 2009. Despite the fact that the stay had already been granted, Ethyl opposed the Motion for Stay on August 10, 2009, and requested that it be lifted as improvidently granted (Doc. No. 42). The time within which Ethyl could have appealed to Judge Rose from the grant of the Motion to Stay had already expired on August 5, 2009.

**Analysis**

Ethyl's Answer to Amended Complaint and Counterclaim (Doc. No. 36; hereinafter "Counterclaim") purports to add as defendants on the counterclaim the same seven corporate parties which it had previously sought to add as third-party defendants in its Motion for Leave to Implead. Ethyl took no appeal from the denial of its motion to implead and thus that denial now stands as the law of the case. In denying impleader, the Magistrate Judge noted that whether to grant impleader was within the discretion of the Court, citing *General Electric Co. v. Irvin,* 274 F.2d 175, 178 (6th Cir. 1960), and held:

> The contribution claim(s) can plainly be brought "following" the determinations of liability presently before the Court. Atlantic Research, supra. No such claim may ever need to be adjudicated if, as Plaintiff alleges, all liability is allocated to Defendant. It appears likely that granting the Motion would delay trial because of the need to serve the third-party defendants and allow them to assert their positions. This case was filed almost two years ago, but it seems prima facie likely that the addition of seven new parties would require rescheduling of the discovery portion of the case. Finally, the questions of intercorporate liability among the proposed third-party defendants would require additional adjudication which may never be necessary. In sum, adding these seven parties now does not seem

> conducive to judicial economy, but rather likely to complicate and delay these proceedings.

(Decision and Order, Doc. No. 33, at 3-4.)

Moraine requests that the Counterclaim be stricken because it purports to add new parties contrary to the prior Decision and Order, because it purports to add parties after the April 30, 2009, deadline for doing so, and because it was filed without leave of court (Motion, Doc. No. 37, at 3.) Ethyl responds that Fed. R. Civ. P. 13(h) authorizes its action without leave of court. That Ruel provides: "(h) Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Ethyl asserts it is acting under Fed. R. Civ. P. 20(a)(1), but it quotes Fed. R. Civ. P. 20(a)(2) which is plainly the relevant Rule[1]. Rule 20 does not purport to govern **when** persons may be joined as defendants.

As authority for the proposition that it did not need leave of court to add these parties as defendants on the counterclaim, Ethyl relies on *Money Station, Inc., v. Electronic Payment Services, Inc.*, 1996 WL 380703 (S.D. Ohio 1996). In that decision, Judge Beckwith "holds that Rule 13(h) does not require leave of Court to add parties brought in on a counterclaim which is raised *in the original answer.*" *Id*. at *7 (emphasis added). Judge Beckwith cites *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 557 (D. Del. 1992), which allowed adding counterclaim and third-party defendants in a counterclaim made in response to an amended complaint, but then declined to adjudicate the counterclaim in the same case because it was a permissive counterclaim. *Metallgesellschaft* relies on *Northfield Ins. Co. v. Bender Shipbuilding & Repair Co., Inc.*, 122 F.R.D. 30 (S.D. Ala. 1988). Moore, in turn, stated "Good arguments can, therefore, be advanced that leave of court is no longer [i.e. after the 1966 revision of Rule 13(h)] necessary if new parties are being brought in on a counterclaim which is raised *in the original answer*." 3 J. Moore, Moore's

---

[1] Fed. R. Civ. P. 20(a)(1) governs who may join in one action as plaintiffs; 20(a)(2), which Ethyl quotes, governs who may be joined as defendants.

Federal Practice § 13.39 (2nd ed. 1987), quoted at 122 F.R.D. 31-32 (emphasis added). The *Northfield* court also relied on *Vermont Castings, Inc., v. Evans Products Co.*, 510 F. Supp. 940 (D. Vt. 1981), which also cited Professor Moore's commentary as to bringing in additional counterclaim defendants in the original answer. The *Vermont Castings* court also noted that "Any abuse of the joinder provisions can be remedied upon motion under Rule 21 which provides that parties may be dropped by order of the court on such terms as are just." Thus the only decision in this line of cases in which court permitted a counterclaim plaintiff to add a a new counterclaim defendant in response to an amended complaint is *Metallgesellschaft* in which the court refused to adjudicate the counterclaim against the added counterdefendant because it was a permissive counterclaim; the court did not analyze what differences might exist between adding a counterdefendant in the original answer and doing so later in the litigation.

From the cited authority, this Court concludes that the power of a defendant to add counterclaim defendants without leave of court when pleading to an amended complaint is not clearly established. Even if there were such a power, it would not prevent the Court from (1) declining to adjudicate a counterclaim against added parties if the counterclaim were permissive, (2) dropping the added parties under Fed. R. Civ. P. 21, or (3) enforcing a deadline for adding parties. The weight of the authority cited would have allowed Ethyl to add these parties without court permission when it originally filed the counterclaim, which was as available against the added parties then (November 10, 2008) as it is now. That does not mean it can frustrate the Court's scheduling order by adding these parties now.

All of the reasons given by the authorities for allowing the joinder of additional counterclaim defendants, whether or not leave of court is required, were canvassed by the Magistrate Judge in the Decision denying leave to implead, In sum, adding all these parties now would not advance judicial economy and Ethyl is completely free to litigate its claims against them if it is found liable in this

4

action. Conversely, that liability may never need to be adjudicated.

The Court concludes that the proper remedy, rather than striking the Counterclaim, is to order that the added parties on the Counterclaim be dropped as parties to this case, even assuming that they have been effectively added. It is accordingly ORDERED that Fraser Papers, Inc.; Norbord, Inc.; Norbord Maine, LLC; Pentair, Inc.; Pfam, Inc.; Fraser Papers Holdings, Inc.; and Team Industrial, LLC. be, and they hereby are, dropped as parties pursuant to Fed. R. Civ. P. 21. The stay of Moraine's obligation to plead to the Counterclaim is dissolved and it shall file its answer not later than September 8, 2009.

August 26, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge