**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

MORAINE PROPERTIES, LLC,

      Plaintiff,      :      Case No. 3:07-cv-229

                                    District Judge Thomas M. Rose
      -vs-                       Magistrate Judge Michael R. Merz

                            :

ETHYL CORPORATION,

      Defendant.

---

**SUPPLEMENTAL MEMORANDUM OPINION**

---

This case is before the Court Defendant Ethyl Corporation's Objections (Doc. No. 46) to the Magistrate Judge's Decision and Order (Doc. No. 44) on Plaintiff Moraine Properties' Motion to Strike Defendant Ethyl Corporation's Amended Counterclaims (Doc. No. 37). Moraine Properties has filed a timely Response (Doc. No. 49) to those Objections. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

**Relevant Procedural History**

Under the Preliminary Pretrial Conference Order, the parties had until April 30, 2009, "to amend the pleadings and to add parties" and referred the case to the undersigned for pretrial management under 28 U.S.C. § 636(b). On that day, Ethyl moved for Leave to File a Third-Party

Complaint (Doc. No. 26) which would have added seven parties[1] as third-party defendants. That Motion was denied on June 23, 2009 (Doc. No. 33) and Ethyl did not appeal to the District Judge. Instead, on July 10, 2009, Ethyl filed its Answer to Second Amended Complaint and Counterclaim (Doc. No. 36), naming as Defendants on the Counterclaim the same seven parties it had moved to add as third-party defendants. Moraine Properties moved to strike the Amended Counterclaim (Doc. No. 37) and the Magistrate Judge granted the alternative relief of dropping the seven parties (Doc. No. 44). The instant Objections followed

## Analysis

Ethyl Corporation did not seek leave of court to add the seven corporate parties as defendants on its counterclaim. Instead it asserted it had the right to add these parties without court permission under Fed. R. Civ. P. 20(a)(2). The Magistrate Judge canvassed the relevant case and treatise authority in the Decision and Order and concluded that leave of court was needed to add parties when pleading to an amended complaint (Doc. No. 44 at 3-4). As further noted in the Decision and Order, the Magistrate Judge had discussed all of the reasons for denying leave to add these parties when considering Ethyl Corporation's Motion to Implead. Because adding seven new corporate parties would plainly frustrate the District Court's scheduling order, the Magistrate Judge prohibited their addition on both occasions.

---

[1] Fraser Papers, Inc.; Norbord, Inc.; Norbord Maine, LLC; Pentair, Inc.; Pfam, Inc.; Fraser Papers Holdings, Inc.; and Team Industrial, LLC.

## Standard of Review

Ethyl Corporation contends the Decision to drop the seven parties was "dispositive" within the meaning of Fed. R. Civ. P. 72(b) and that it is therefore entitled to review *de novo*, a point it argues at some length (Objections, Doc. No. 45, at 3-5). Of course, a motion to add or drop parties is not expressly listed as a dispositive motion in the applicable statute, 28 U.S.C. § 636(b)(1)(A). Nevertheless, appellate courts have added to that list a number of motions which are effectively dispositive of claims. See, e.g., *Vitols v. Citizens Banking Co.,* 984 F.2d 168 (6thCir. 1993)(motion to certify an interlocutory appeal); *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*)(claim for damages under Fed. R. Civ. P. 11); *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(*per curiam*)(denial of *in forma pauperis* motions); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988), cited approvingly in *Bennett;* or a remand order ( Rule 37 order striking pleadings with prejudice); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001)(order remanding a case to state court).

In determining whether a particular motion is dispositive, the Sixth Circuit has undertaken a functional analysis of the motion's potential effect on litigation. *Vogel,* 976 F.2d at 514-515. The list of dispositive motions contained in §636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in §636(b)(1)(A) are also dispositive. *Id.*,(holding motions to remand are dispositive) and *citing, Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)(holding that a motion for default judgment is dispositive because it is "substantially similar to several of the listed motions"); *Vitols, supra*; *Bennett, supra.; Woods, supra* and *United States Fid. & Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085 (6th Cir. 1992)(holding that because a motion to realign parties would either destroy or preserve diversity jurisdiction, motions to realign are dispositive).

Thus it is well established in Sixth Circuit law that the § 636(b)(1)(A) list of dispositive motions is non-exhaustive. Although it cites no authority for this point, Ethyl Corporation argues the Order to drop parties is also dispositive because it "purports to extinguish Ethyl's claims against the Counterclaim Defendants." (Objections, Doc. No. 48, at 2.) This is completely inaccurate. The Order plainly says "Ethyl is completely free to litigate its claims against them [the added parties] if it is found liable in this action." (Decision and Order, Doc. No. 44, at 4-5.) This is functionally equivalent to the Magistrate Judge's decision not to allow adding the same parties as third-party defendants: it is not necessary to have them as parties in this case and adding them, either as third-party defendants or as defendants on the counterclaim, is likely to disrupt the District Court's schedule in this case, which is already over two years old and set for discovery cut-off January 29, 2010 (See Doc. No. 19).

Because the Decision to drop parties is not dispositive of any claims, it should not be reviewed *de novo*. Moraine Properties notes that 28 U.S.C. § 636(b)(1)(A) provides that a district judge may "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." That language suggests factual findings would be reversed if "clearly erroneous" and legal conclusions reversed if "contrary to law."

Alternatively, the proper standard of review may be for abuse of discretion. Dropping a party under Fed. R. Civ. P. 21 is a matter of discretion for the court. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1688 and cases cited at n. 18. Thus review for abuse of discretion would be proper as is done with discretionary decisions of magistrate judges on discovery matters. See *Snowden v. Connaught Laboratories*, 136 F.R.D. 694, 697 (D. Kan. 1991); *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Doe v. Marsh,* 899 F. Supp. 933, 934 (N.D.N.Y. 1995); *Commodity Futures Trading Comm'n v. Standard Forex, Inc.,* 882 F. Supp. 40,

42 (E.D.N.Y. 1995); *Bass Public Ltd. Co. v. Promus Cos., Inc.*, 868 F. Supp. 615, 619 (S.D.N.Y. 1994); *In re Application for Order for Judicial Assistance in Foreign Proceedings,* 147 F.R.D. 223, 225 (C.D. Cal. 1993); *Schrag v. Dinges,* 144 F.R.D. 121, 123 (D. Kan. 1992). Wright & Miller supports an abuse of discretion standard of review when the underlying matter was committed to the court's discretion. Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3069 and cases cited at n. 20.

**Substantive Objections**

Ethyl Corporation first objects that it was error not to recognize that it could add counterclaim defendants as a matter of right, without leave of court, despite expiration of the Court's deadline for adding parties (Objections, Doc. No. 46, at 5-12). The Magistrate Judge believes the analysis on this point in the Decision and Order is sufficient when considered with the parties' extensive arguments on the Objections. Only two additional points need to be made in response to the Objections.

First of all, the merits of adding these seven corporate parties to this litigation was decided in the Decision and Order of June 23, 2009, denying leave to implead these parties (Doc. No. 33). Ethyl Corporation took no appeal from this plainly non-dispositive decision. The decision to drop the same seven parties depends on exactly the same legal analysis. Under Fed. R. Civ. P. 72(a), Ethyl Corporation could not now assign as error any defect in the June 23, 2009, Order. Because it did not timely appeal, the District Judge may wish to preclude it from obtaining reconsideration of the same arguments on having these seven parties in this case on its present appeal.

Second – and this is perhaps a minor matter – Ethyl Corporation asserts the Magistrate Judge acted *sua sponte* in dropping these seven parties. That is inaccurate. Moraine Properties had moved

to strike the counterclaim altogether – because it added the seven parties in derogation of the earlier order denying joinder. The Decision and Order objected to was ruling on that Motion to Strike, but granted the alternative relief of dropping the inappropriately added parties. When a court grants alternative relief on a motion made by a party, it is not acting *sua sponte*.

September 30, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge