# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MORAINE PROPERTIES, LLC,

      Plaintiff,     :     Case No. 3:07-cv-229

                          District Judge Thomas M. Rose
  -vs-                      Magistrate Judge Michael R. Merz

                        :

ETHYL CORPORATION,

      Defendant.

## DECISION AND ORDER ON MOTION TO COMPEL

This case is before the Court on Defendant Ethyl Corporation's Motion To Compel (Doc. No. 68). The Magistrate Judge set an expedited briefing schedule (Doc. No. 69), Plaintiff Moraine Properties, LLC, opposed the Motion (Doc. No. 70), and Ethyl Corporation has filed a Reply in Support (Doc. No. 71).

Under the Preliminary Pretrial Conference Order (Doc. No. 19), Moraine was required to identify its primary experts and furnish copies of their reports by September 18, 2009. *Id.* at ¶ 7. On that date, Moraine filed a Notice of Service of Plaintiff's Expert Reports (Doc. No. 47). It identified and produced the reports of eleven experts, one of which was the "Declaration of Harold Nelson, retired Fraser Papers, Inc., employee." In the cover letter to Ethyl's counsel, Moraine's counsel stated:

> Please note that we are enclosing the Declaration of Mr. Harold Nelson who may be called at trial primarily as a factual witness. We provide his Declaration at this time should his testimony at trial include opinions based on his specialized knowledge.

(Doc. No. 70-2.)

1

Ethyl learned at Mr. Nelson's deposition on December 10, 2009, that he had reviewed prior drafts of his Declaration before signing the final draft produced in the case, that he had not retained copies of the drafts, and that he had therefore not brought them to his deposition in response to the subpoena duces tecum. Ethyl demanded production of the prior drafts which Moraine has resisted on the grounds that they constitute attorney work product.

Ethyl relies on the rule announced in *Regional Airport Authority v. LFG*, 460 F.3d 697 (6th Cir. 2006), that attorney work product furnished to and "considered" by a testifying expert must be disclosed under Rule 26(a). *Id. at 715, citing In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370 (Fed. Cir. 2001). While Moraine concedes the prior drafts were furnished to Mr. Nelson and considered by him, it resists disclosure because it claims he is primarily a fact witness who will testify on the basis of his many years of employment in environmental capacities at the site which is the subject of this lawsuit. Ethyl responds that Moraine "cannot have it both ways" – having designated Mr. Nelson as an expert and furnished his Declaration as an expert report, it is bound to disclose the prior drafts so that "Ethyl can explore the basis for Mr. Nelson's opinions." (Motion, Doc. No. 68, at 6.) Ethyl also claims Moraine cannot rely on the distinction between testifying and consulting experts which grounds withholding material considered by an expert solely as a consultant, because the prior drafts of the expert report "clearly related to his capacity as an expert witness." *Id.*

Having reviewed Mr. Nelson's Declaration, the Court finds that the vast bulk of it consists of factual matter learned by Mr. Nelson during his employment at the site for thirty-five years from 1970 to 2005. Moraine relies on this fact to claim that Mr. Nelson's opinion testimony, should he give any at trial, would be admissible under Fed. R. Evid. 701 instead of 702.

Challenged to point to any Rule 702 testimony, Ethyl cites opinions stated by Mr. Nelson in ¶¶ 41, 34, 44, and 52 (Reply, Doc. No. 71, at 3.) While Ethyl cites these merely as "examples" of Mr. Nelson's opinions to be given at trial, Ethyl has now deposed Mr. Nelson and presumably

has questioned him about whatever opinions he expects to give at trial.

The Court is unable to determine in the abstract whether changes from draft to draft in the evolution of Mr. Nelson's Declaration relate primarily to the fact testimony he will be called upon to give or to the opinions he as expressed in the Declaration. Therefore, the Motion to Compel is granted to the extent that Moraine's counsel is ordered to provide the Court with the drafts for in camera inspection not later than February 8, 2010. Once that examination has taken place, the Court will decide whether the documents must be produced and also whether to permit the reopening of Mr. Nelson's deposition for further examination.

February 3, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge